MARK D. KELLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keller v. Commissioner
Docket No. 23336-93
United States Tax Court
T.C. Memo 1995-131; 1995 Tax Ct. Memo LEXIS 177; 69 T.C.M. (CCH) 2254; March 28, 1995, Filed *177 Decision will be entered under Rule 155. Mark D. Keller, pro se. For respondent: Fred E. Green, Jr.
COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 30,826 in petitioner's Federal income taxes for 1988 and additions to tax of $ 6,936 under section 6651(a)(1), $ 7,707 under section 6651(a)(2), and $ 7,707 under section 6661. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issue for decision is whether petitioner is entitled to any deductions or exemptions not allowed by respondent and whether he is liable for the additions to tax determined by respondent. FINDINGS OF FACT Petitioner resided in Las Vegas, Nevada, at the time that he filed his petition. On or about August 28, 1990, he filed a Form 1040, U.S. Individual Income Tax Return, for 1988, jointly with Linda Keller. On the return, the occupations of petitioner and of Linda Keller were reported as property management. Reported income included $ 13,551 in taxable interest, $ 311 in tax-exempt interest, $ 2,022 in *178 dividend income, a business loss of $ 39,477, capital gain of $ 27,852, and loss from rents and estates or trusts of $ 4,834. Respondent determined that the $ 311 interest income was taxable, increased the amount of capital gain from the sale of property, and disallowed the itemized deductions claimed on Schedule A, the business expenses claimed on Schedule C, the rent expenses claimed on Schedule E, and a self-employed health insurance deduction that was claimed as an adjustment to gross income. In the statutory notice sent July 29, 1993, respondent explained that the interest income was included because petitioner failed to establish that it was tax exempt; that the gain on sale of property was increased because petitioner failed to establish his adjusted basis; that the Schedule C expenses were disallowed because he failed to establish (1) that he was carrying on a trade or business, (2) that the expenses were paid in 1988, or (3) that the expenses claimed were ordinary and necessary; that the Schedule E expenses were disallowed because he failed to provide supporting documentation that he was carrying on a trade or business and that the properties were subject to the allowance *179 for depreciation claimed; that the self-employed health insurance deduction was disallowed because he failed to provide supporting documentation; and that the itemized deductions were disallowed because petitioner failed to substantiate them. OPINION Petitioner has the burden of proving that respondent's determinations are erroneous. Rule 142(a); , affg. . As detailed below, petitioner's stance throughout the pendency of this case has been to make frivolous arguments, to attempt to avoid a determination on the merits, and to insist that his return was correct as filed and that his sworn statements to that effect must be accepted. As a result, petitioner has failed to satisfy his burden of proof. To the extent that respondent has not now conceded deductions disallowed in the statutory notice, none may be allowed. In his petition filed October 28, 1993, petitioner generally alleged: 4. Petitioner charges that the NOTICE OF DEFICIENCY is in error and invalid, and the entire tax, along with the penalties and interest shall be abated completely, *180 for the following reasons: a) The Internal Revenue Service, through the COMMISSIONER, has either fraudulently or erroneously based the monetary determination on activities of which I am not involved; b) The NOTICE OF DEFICIENCY is insufficient because it does not describe the true nature of the tax; c) Petitioner has no taxable income for 1988.
In an amended petition filed November 22, 1993, petitioner disputed respondent's determinations item by item but failed to set forth any specific facts. He asserted that he correctly reported his interest and deductions, and he represented that the items were "substantiated in supporting documentation". When respondent moved for an extension of the time within which to answer, petitioner objected and moved for a "default judgment". When the case was set for trial, petitioner filed a Motion for Continuance on the ground that "RESPONDENT has refused to stipulate to statements which are found in law, statute, Internal Revenue Code, and the implementing regulations found within 26 Code of Federal Regulations." After that motion was denied, and on the date set for trial, petitioner submitted a document entitled "Demand for Determination *181 and Conclusions of Law and Findings of Fact" that was filed as his Motion for Summary Judgment and denied. Petitioner's motions set forth frivolous arguments concerning alleged defects in respondent's procedures. At no time did petitioner present any specific facts or any documents supporting the deductions claimed by him or his claim that interest income was tax exempt. When the case was first called for trial, the Court directed the parties to meet and to attempt to reach a stipulation of facts and documents. They stipulated only to petitioner's tax return and the notice of deficiency. When the case was recalled for trial, petitioner merely asserted again that his return was correct as filed and that he had documentation. The Court allowed petitioner 6 weeks after trial to provide further documentation and to file with the Court an Offer of Proof, setting forth additional documents and testimony that he would present at further trial. Petitioner's Offer of Proof consisted of an Affidavit in which he merely reiterated the specifics of the amounts claimed on his tax return and attached computer printouts apparently prepared by him. No reliable documentary evidence was presented. *182 For example, documents purportedly related to mortgage interest were addressed to persons other than petitioner. No proof of payment of any expense was attached. There was no indication that, notwithstanding the Court's admonitions and warnings, petitioner would change his approach to this case and present any reliable evidence if the record were reopened for further trial. In view of petitioner's penchant for frivolous arguments and his failure to present reliable records, his uncorroborated testimony is not credible and is not sufficient to satisfy his burden of proof. See , affg. ; , affg. ; , affg. ; . Petitioner's refusal to present the actual records that he claims substantiate his tax returns justifies the inference *183 that those records do not support his position. See , affd. . It is undisputed that petitioner's return for 1988 was filed over a year late. Petitioner has not presented any evidence that would satisfy his burden of proving that the additions to tax are erroneous, and, on this record, they are well justified. To reflect respondent's concessions, Decision will be entered under Rule 155.